Emmett A. Caldwell, Claimant, *v.* State of New York, Defendant. (Claim No. 28349.)

Court of Claims, July 29, 1947.

*John T. Doles, Jr.,* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Arthur W. Mattson* and *Sidney B. Gordon* of counsel), for defendant.

Lounsberry, J. This claim is for damages to the automobile of the claimant due to the alleged negligence of the State of New York, its officers and employees, and was filed in the office of the Clerk of the Court of Claims on June 20, 1947, and as appears by the evidence has not been assigned or submitted to any other court or tribunal for determination.

On July 29, 1945, the claimant, Emmett A. Caldwell, was a teacher at the New York State Training School for Boys at Warwick, New York, an institution for delinquent boys. He owned a 1939 Buick sedan, which he occasionally used in connection with his duties at the school but which for the most part he maintained for his own convenience. At the time now in question, it was parked in the school parking area.

Among the group of boys under the charge of the claimant on the afternoon of July 29th was one Walter Tierney. The group had been on the athletic field and was about to go on a short hike. The claimant gave Tierney a ring of keys, which he insists were all school keys, and sent him to the claimant's room to secure a small container wanted in connection with the proposed hike. When Tierney failed to reappear within a few

minutes, an investigation was launched and it was presently discovered that he had somehow started the claimant's car and had driven away with it and wrecked it. The claimant now seeks recovery from the State for the damage to his car on the ground of negligence on the part of the State in the supervision of young Tierney.

There was received in evidence, over the State's objection, a letter signed by Tierney, addressed to the claimant, dated May 1, 1946, stating in substance that Tierney had his own keys to the car. Subsequently, there was received in evidence, by stipulation of both parties, a sworn statement voluntarily made by Tierney, dated May 10, 1946, in which he repudiated the foregoing letter, stating that he had written it at the behest of the claimant, who had told him how to write and spell it, and stating, further, that he had no key of his own but used the claimant's key when he took the car. We feel that this sworn statement contains the more likely explanation of what occurred, although the claimant insists that he retained his car keys and had them when the car was found.

The claimant, who had been an employee of the Warwick School for several years, testified he had read the rules and regulations of the institution and was familiar with the same.

Irrespective of the situation with respect to the car keys, we are utterly unable to find any basis of liability on the part of the State of New York for the unfortunate mishap to the claimant's car. If there were any negligence on the part of anyone, it was on the part of Mr. Caldwell himself in entrusting the youth with a ring of keys and sending him unattended on an errand. The record is devoid of any proof of any negligence on the part of any State employee other than the claimant himself. Hence, either there was no negligence on the part of anyone, in which event, of course, there can be no recovery, or the claimant was guilty of contributory negligence, in which event there can be likewise no recovery. The claim is, therefore, dismissed.

Let judgment be entered accordingly.